IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDEL SADSAD SANTOS,

    Petitioner,        No. CIV S-07-0530 LKK DAD P

    vs.

KUMA J. KEBOO, et al.,

    Respondents.      ORDER

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus ad subjiciendum. Therein, petitioner challenges his conviction in this court for conspiracy to distribute methlenedioxy methamphetamine. See Case No. 2:05 CR 00033 DFL. The challenged judgment of conviction was entered following petitioner's entry of a guilty plea pursuant to plea agreement in exchange for dismissal of four other counts pending against him. Judgment was entered on June 27, 2006 and petitioner waived his right to appeal. (Petition, Ex. B (Judgment) at 1.) In his habeas petition, petitioner contends that he is falsely imprisoned and that his criminal judgment is void because he has diplomatic immunity as a citizen of "the Kingdom of Heaven in accordance with the scripture as a descendent of Adam, Abraham, Isaac and Jacob." (Petition at 19.)

/////

Petitioner has not challenged his conviction by way of motion brought under 28 U.S.C. § 2255 or pursuant to 28 U.S.C. § 2241.  Instead, petitioner describes his petition as a writ of habeas corpus ad subjiciendum, also known as the "Great Writ." Stone v. Powell, 428 U.S. 465, 475 n.6 (1976).  In this regard, the Supreme Court has explained:

> The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States.  The original statutory authorization did not define the substantive reach of the writ.  It merely stated that the courts of the United States "shall have power to issue writs of . . . Habeas corpus . . . ." Id.  The courts defined the scope of the writ in accordance with the common law and limited it to an inquiry as to the jurisdiction of the sentencing tribunal.

Powell, 428 U.S. at 474-75.  In 1867, however, the common law rule was changed by an Act of Congress which conferred jurisdiction to the United States District Court "to determine whether a prisoner has been deprived of liberty in violation of constitutional rights. . . ." United States v. Hayman, 342 U.S. 205, 212 (1952).  The Great Writ was codified in statutory provisions of Chapter 153 of Title 28 (§§ 2241 - 2255). Id.; see also Stantini v. United States, 986 F. Supp. 736 (E.D. N.Y. 1997).  Thus, petitioner's writ of habeas corpus ad subjiciendum is not cognizable.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  Here, petitioner is challenging the legality of his conviction based on diplomatic immunity and therefore § 2241 does not apply. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006), cert. denied, ___ U.S.___, 2007 WL 579760 (March 26, 2007).  Accordingly, petitioner's petition for writ of habeas corpus will be dismissed with leave to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court requires all § 2255 motions to be filed on the proper form which is provided by this

1    court. Moreover, the court may limit its review of the motion for relief to the information on the
2    form only and need not consider any memoranda or attachments to the motion. See Rule 2,
3    Rules Governing § 2255 Proceedings; Local Rule 81-190.
4             Movant is hereby notified that in order for this court to review his application, he
5    must file his motion on the proper form. Furthermore, although movant may submit a separate
6    memorandum to support his motion for relief, the court's form must contain all relevant claims,
7    and must provide the court with all necessary information.
8             On April 25, 2007, petitioner filed a request that the court take judicial notice of
9    his legal notice for declaration of status filed in Pierce County, Washington. In his notice
10   petitioner declares that he is no longer a person subject to the jurisdiction of the United States
11   and its territories, that he is repatriated to the California Republic of 1849, and that he has dual
12   citizenship with the Nation of Israel. The request will be denied as the court may not take
13   judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).
14            Accordingly, IT IS HEREBY ORDERED that:
15            1. Petitioner's petition for writ of habeas corpus ad subjiciendum, filed on March
16   19, 2007, is dismissed;
17            2. Within thirty days from the date of this order, petitioner shall file a motion to
18   vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, using the form provided
19   by the court; the motion must bear the case number assigned to this action;
20            3. The Clerk of the Court is directed to send petitioner the form for filing a
21   § 2255 motion; and
22            4. Petitioner's April 25, 2007 request for judicial notice is denied.
23   DATED: May 8, 2007.

26   DAD:4
     sant0530.amd

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE